L. HAMILTON
*vs.*
B. HAMILTON.

---

CHANCERY.

Case 35.

January 13.

## L. Hamilton *vs.* B. Hamilton.

### ERROR TO MEADE CIRCUIT.

Chief Justice HISE delivered the opinion of the court.

Where it appears that the parties, in a suit brought to settle their accounts, are trying to get advantage of each other, and thus to make the courts of justice instrumental in promoting their schemes of injustice and fraud, it is the safer course to dismiss each party, without costs in favor of either.

Case stated.

This case is involved in too much doubt and uncertainty to authorize a decree in favor of either party, upon the original or cross bill. The account of sales

of the corn, pork, bacon, lard, and flour of defendant, is, upon its face, very unsatisfactory, and would seem to convict the complainant of inexcusable negligence or of fraud. It appears from it that the sales commenced in the month of December, and in the year 1847; with this exception there is no date given in the account of sales; it does not show when, where, or to whom the sales were made, nor is the price per pound or per hundred stated of the pork or bacon. Only $9 18 is stated as the proceeds of two hundred and forty-four pounds of bacon, which is not four cents per pound. Four hams are stated to have been sold for only $2 00, or fifty cents each. The quantity of lard sold is not shown, either by stating the number of kegs or pounds. So with respect to the lumping item of hogs' heads and pork. And take the whole account together, or in detail, and it by no means can be considered to be a creditable document; but, on the contrary, by failing to give dates, names, places, quantities, and prices, it would seem that it was got up for concealment, and so framed as to furnish no clue to the defendant by which he might be able to ascertain its correctness, if true, or to show that it was false, if the account was fraudulently rendered. Besides the characteristic indications of fraudulent concealment apparent upon the face of the paper, suspicion and doubt is further shown upon it, because, in answer to a rule upon the complainant to produce and exhibit the book or paper upon which the entries were originally made at the time the sales took place, he professes to have lost the original account, and that after the account exhibited was drawn off, no care was taken of the other, and he did not know what had become of it; and it is proven that the market price of the articles entrusted by the defendant to complainant's care, as supercargo, to be sold at the intermediate towns upon the Mississippi river, or at New Orleans, was much higher than those reported in the account produced; and although two witnesses of complainant state, in general terms, that

the account is correct, it is manifest that they are merely expressing their opinions; for it appears upon the cross examination that they do not know that the quantities or amounts are correctly stated in the account, except in respect to item of one thousand five hundred and sixty bushels of corn sold at New Orleans at fifty-six cents per bushel. It is shown that the account is not true, in respect to the sum for which the flat-boat was sold; and if false in this particular, the whole document should be discredited, except as to the items which shall be proven to be correct. And besides all this, it is not very probable that the complainant would, immediately upon his return, have overpaid the defendant by the amount stated in the bill, when his recollection was vivid and fresh in respect to the facts which had just transpired, and when no doubt complainant knew, (though the defendant did not,) the precise amount due to defendant as proceeds of the sales of defendant's part of the boat's cargo. The complainant, therefore, has not presented himself or his demand in a shape and manner worthy of credit, or deserving the relief asked. Neither is the defendant, upon his cross bill, entitled to a decree against the complainant, because he has been negligent and careless in not having taken and preserved written evidence of the precise quantity of flour, corn, pork, bacon, lard, &c., which he put upon his boat, in defendant's charge, so that he might be able to know and prove certainly whether the account of sales in respect to quantities, was or not correct. And although the proof very satisfactorily shows that the defendant's part of the cargo, and especially his part of the corn and pork was much more in quantity than is reported by the complainant's account of sales, yet the precise quantity of corn and pork furnished by defendant is not shown, and his proof is not so certain as to furnish any unerring basis for a decree in his favor against complainant for any specific amount over and above the sixteen hundred and odd dollars which he acknowledged he had received.

Where it appears that parties litigant are fraudulently concealing the truth, and the actual facts of the case, in a suit for the settlement of accounts between them, and that each is trying to get an unjust advantage of the other, and thus to make the courts of justice instrumental in promoting schemes of fraud, injustice, and oppression, the best and only thing that can be safely done in such cases is to dismiss both parties from the court without costs.

Wherefore the decree in this case is reversed, and cause remanded with directions that complainant's original bill, and defendant's cross bill, be each dismissed, and that each party be turned out of court without any decree for his costs against the other.

*Stuart* and *Riley*, for plaintiff; *Grigsby*, *Helm*, and *Walker*, for defendant.

CASEY
*vs.*
GRIGORY.

Where it appears that the parties, in a suit brought to settle their accounts, are trying to get advantage of each other, and thus to make the courts of justice instrumental in promoting their schemes of injustice and fraud, it is the safer course to dismiss each party, without costs in favor of either.